UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-11-635 |
| | § | |
| PATRICK ADOLPH PRENDERGAST JR | § | |

### MEMORANDUM OPINION

The Court today heard oral argument on Defendant Patrick Adolph Prendergast Jr.'s objections to the admissibility of Prendergast's prior conviction. Doc. 41. The Court ruled from the bench on those objections. The Court now sets forth its reasoning in this memorandum opinion and narrows its previous ruling to exclude evidence of the nature of Prendergast's prior conviction.

Prendergast objected to the admissibility of his prior conviction under Federal Rule of Evidence 609(b). Rule 609 governs admission of prior criminal convictions for the purpose of attacking a witness' character for truthfulness. Rule 609(a) governs the general admissibility of criminal convictions. Rule 609(b) "applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Prendergast was released from confinement for his prior conviction in 1998. The parties agree that Rule 609(b) applies to the admissibility of his prior conviction.

Under Rule 609(b) "[e]vidence of the conviction is admissible only if:

(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." The Fifth Circuit has determined that

"that 609(b) establishes a presumption against the use of more than 10-year-old convictions." *Id.* "The general rule is inadmissibility." *U.S. v. Charles*, 366 Fed.Appx. 532, 541 (5th Cir. 2010) (quoting *United States v. Estes*, 994 F.2d 147, 149 (5th Cir.1993).

The United States provided notice of intent to impeach Prendergast on January 30, 2012. Doc. 33. In that notice and in oral argument, the United States argued that Prendergast's ongoing parole for his prior conviction creates a "a significant incentive to lie to avoid having his parole revoked." *Id.* at 33. The Court agrees that Prendergast's ongoing parole constitutes a compelling incentive to lie in this case to avoid being sentence both for this offence and for parole violation. The specific nature of the offence weighed against its probative value, however, does not satisfy the requirements of Rule 609(b). Prendergast's prior conviction is for the 1984 killing of a law enforcement officer. Such a conviction carries with it a substantial risk of prejudice completely unrelated to Prendergast's ongoing motivation to lie. In fact, Prendergast's motivation to lie to avoid being found guilty of a parole violation would be the same regardless of the nature of his prior conviction. Thus, the underlying nature of the crime has no probative value to impeach the Defendant but carries a substantial risk of prejudicing the jury against the Defendant.

Having considered Prendergast's substantial motivation to lie or mislead the jury to avoid the near certainty of parole revocation and incarceration for his prior conviction in the event he is found guilty of this offence, the Court finds that the probative value of Prendergast's status as a parolee from a prior conviction and the existence of a prior conviction is admissible. Because the nature of the underlying offence carries a substantial risk of prejudice to the Defendant with little to no probative value, the Court excludes evidence on the nature of the offence.

For the foregoing reasons, the Court hereby

**ORDERS** that Defendant Prendergast's objections to the admissibility of his prior

convictions is overruled.

SIGNED at Houston, Texas, this 8th day of February, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE